No. 26-2257

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

ANDY MICHAEL THOMPSON,
*Plaintiff–Appellant,*

v.

FRANCISCO V. AGUILAR,
*Defendant–Appellee.*

On Appeal from the UNITED STATES DISTRICT COURT
for the District of Nevada

Case No. 2:25-cv-01284-CDS-EJY
Honorable Cristina D. Silva, United States District Judge

---

## OPENING BRIEF OF PLAINTIFF–APPELLANT
## ANDY MICHAEL THOMPSON

---

Andy Michael Thompson
1157 Teal Point Drive
Henderson, NV 89074
(702) 467-4374
weareheavenbound@yahoo.com
*Plaintiff–Appellant, Pro Se*

# TABLE OF CONTENTS

**I. JURISDICTIONAL STATEMENT** ........................................................ 1

**II. ISSUES PRESENTED** .................................................................. 1

**III. STATEMENT OF THE CASE** . ........................................................ 2

   A. Procedural History ................................................................. 2

   B. Statement of Facts ................................................................. 4

**IV. SUMMARY OF ARGUMENT** ........................................................ 6

**V. STANDARD OF REVIEW** .............................................................. 8

**VI. ARGUMENT** .............................................................................. 9

   I. THE DISTRICT COURT MISREAD THE FIRST AMENDED
      COMPLAINT AND THEREFORE ERRED IN DISMISSING
      FOR LACK OF ARTICLE III STANDING ....................................... 9

   II. THE DISTRICT COURT ERRED BY TREATING DISMISSAL
      FOR LACK OF STANDING AS CATEGORICALLY
      ELIMINATING ITS COLLATERAL AUTHORITY ...................... 13

   III. THE DENIAL OF RULE 59(e) RELIEF WAS AN ABUSE
      OF DISCRETION AND LEGAL ERROR ..................................... 15

**VII. CONCLUSION** ......................................................................... 17

**VIII. STATEMENT OF RELATED CASES** ....................................... 18

**ADDENDUM OF PERTINENT PROVISIONS** ............................... 19

**CERTIFICATE OF COMPLIANCE** ................................................ 21

**CERTIFICATE OF SERVICE** ........................................................ 22

# TABLE OF AUTHORITIES

**Cases**

*Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) .................. 6, 9, 11

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) ............... 7, 12–13

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ....... 7, 12–13

*Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) ............................. 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) .................. 9

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. KG*,

571 F.3d 873, 880 (9th Cir. 2009) ................................................. 8, 15–16

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ......................... 9

*Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) ........................ 7, 12–13

**Statutes**

28 U.S.C. § 1291 ...................................................................................... 1

28 U.S.C. § 1331 ................................................................................. 1, 19

28 U.S.C. § 1343(a)(3) ........................................................................ 1, 19

42 U.S.C. § 1983 ..................................................................... 1, 3, 12, 19

52 U.S.C. § 20701 ................................................................... 3, 11, 19

**Rules**

Fed. R. Civ. P. 59(e) ................................. 1, 2, 4, 7, 8, 15-17, 20

Fed. R. App. P. 4(a)(4)(A) .................................................... 1, 20

Fed. R. App. P. 32(a)(5) ........................................................ 21

Fed. R. App. P. 32(a)(6) ........................................................ 21

Fed. R. App. P. 32(a)(7)(B) .................................................... 21

Fed. R. App. P. 32(g) ............................................................ 21

## Local Rules

9th Cir. R. 28-2.6 ................................................................................. 18

9th Cir. R. 32-1 ................................................................................. 21

## I. JURISDICTIONAL STATEMENT

1. This action arises under 42 U.S.C. § 1983.

2. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Final judgment dismissing the First Amended Complaint for lack of Article III standing was entered on February 4, 2026.

4. A timely motion under Fed. R. Civ. P. 59(e) was filed on February 6, 2026 and denied on April 3, 2026.

5. A timely Notice of Appeal was filed on April 7, 2026.

6. This Court has jurisdiction under 28 U.S.C. § 1291 and Fed. R. App. P. 4(a)(4)(A).

---

## II. ISSUES PRESENTED

7. Whether the First Amended Complaint plausibly alleges a concrete and particularized access-to-courts injury where it pleads destruction of identified, non-recreatable evidence required to litigate a pending state supreme court proceeding where the absence of that evidence precludes proof of required claim elements.

1

8. Whether dismissal for lack of Article III standing eliminates a federal court's collateral authority to preserve evidence after actual notice of imminent spoliation.

9. Whether denial of Rule 59(e) relief based on that premise constitutes legal error and abuse of discretion.

## III. STATEMENT OF THE CASE

## A. PROCEDURAL HISTORY

10. Plaintiff initiated this action to prevent destruction of specific, non-recreatable election-system electronically stored information ("ESI") during the pendency of a Nevada Supreme Court appeal.

11. The record establishes that Plaintiff identified:

a. a defined system update process;

b. a defined time window;

c. categories of ESI subject to destruction.[1]

---

[1] First Amended Complaint, ECF No. 36 at 5–8 (identifying update process, overwrite window, and categories of ESI subject to destruction).

12. The district court received actual notice of the destruction window through filings identifying a July–September 2025 overwrite period.2

13. Plaintiff sought preservation through motions and notices.3

14. The court did not impose any preservation protocol, litigation hold, or verification requirement.4

15. The overwrite process completed, and the identified ESI was destroyed during the pendency of the action.5

16. The district court dismissed the original complaint as asserting a non-cognizable private right.6

17. Plaintiff filed a First Amended Complaint expressly:

a. disclaiming any private right under 52 U.S.C. § 20701;

b. asserting a § 1983 access-to-courts claim;

---

2 Plaintiff's TRO filings, ECF No. 11 (July 10, 2025 email identifying July–September 2025 overwrite window); see also Order, ECF No. 11 (recognizing the update window).

3 Plaintiff's motions for preservation and related relief, ECF Nos. 21, 22, 30.

4 Order denying preservation-related relief, ECF Nos. 23, 24.

5 Supplemental Declaration, ECF No. 26 (documenting closure of overwrite window and destruction of non-recreatable ESI).

6 Order dismissing original complaint, ECF No. 35.

c. identifying a specific underlying proceeding and litigation injury.[7]

18. Before any responsive pleading was due, the district court sua sponte dismissed the First Amended Complaint for lack of standing.[8]

19. Plaintiff filed a Rule 59(e) motion:

a. accepting dismissal;

b. seeking only collateral preservative relief.[9]

20. The district court denied the motion on the premise that lack of standing eliminated all authority to act.[10]

---

## B. STATEMENT OF FACTS

21. Plaintiff is a litigant in Nevada Supreme Court Docket No. 90846.[11]

---

[7] First Amended Complaint, ECF No. 36 at 4–5, 11–23.
[8] Order dismissing First Amended Complaint, ECF No. 41.
[9] Rule 59(e) Motion, ECF No. 42 at 1, 5, 7.
[10] Order denying Rule 59(e) motion, ECF No. 45 at 1–2.
[11] First Amended Complaint, ECF No. 36 at 5–6.

22. That proceeding requires evaluation of election-system records, including:

a. logs;

b. configuration data;

c. system-state artifacts.[12]

23. Defendant authorized a system update process that overwrote prior system states.[13]

24. The update occurred within a defined and known time window.[14]

25. Plaintiff provided repeated notice that:

a. the evidence was non-recreatable;

b. destruction would occur absent intervention.[15]

26. No preservation protocol, imaging, or audit mechanism was implemented.[16]

27. The overwrite completed.

---

[12] First Amended Complaint, ECF No. 36 at 6–8.
[13] Defendant's Opposition, ECF No. 15 at 3, 18–20 (describing update process).
[14] ECF No. 11 (July–September 2025 update window); ECF No. 15 at 3.
[15] Plaintiff's filings and declarations, ECF Nos. 11, 21, 22.
[16] ECF Nos. 23, 24 (no preservation protocol required).

28. The identified ESI was permanently destroyed or materially altered.[17]

29. The destruction eliminated the ability to test or challenge the integrity of the underlying records in the pending proceeding.[18]

## IV. SUMMARY OF ARGUMENT

30. The First Amended Complaint alleges a single, defined injury: destruction of identified evidence required to litigate a specific, pending case.

31. The Court must determine whether that allegation satisfies Article III.

32. If accepted as true, the pleading meets the standard for a backward-looking access-to-courts claim.[19]

33. The district court did not apply that standard.

34. Instead, it recharacterized the pleading and dismissed on a theory not asserted.[20]

---

[17] ECF No. 26 (confirmation of overwrite and loss of ESI).
[18] First Amended Complaint, ECF No. 36 at 11–23.
[19] *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002).
[20] ECF No. 36 at 4–5, 11–23.

35. That is legal error.

---

36. Separately, the Court must determine whether dismissal for lack of standing eliminates collateral authority.

37. Controlling authority establishes that federal courts retain power to address collateral matters after dismissal.[21]

38. Preservation of evidence is a collateral function.

39. The district court treated preservation as merits relief.

40. That misclassification is legal error.

---

41. The Rule 59(e) motion did not seek reconsideration of standing.[22]

42. It sought only collateral relief.

43. The district court acknowledged that limitation and then disregarded it.[23]

---

[21] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).
[22] ECF No. 42 at 1, 5, 7.
[23] ECF No. 45 at 1–2.

44.  The Court must determine whether that ruling applied the correct legal standard.

45.  If not, denial constitutes abuse of discretion.24

46.  Each issue resolves to a binary determination:

   a. Either the pleading states an access-to-courts injury or it does not;

   b. Either collateral authority survives dismissal or it does not;

   c. Either Rule 59(e) was applied correctly or it was not.

47.  Failure to apply controlling law on any issue constitutes reversible error.

## V. STANDARD OF REVIEW

48.  Dismissal for lack of Article III standing is reviewed de novo. The denial of Rule 59(e) relief is reviewed for abuse of discretion, including where the district court applies an incorrect legal standard or premise.

---

24 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*, 571 F.3d 873, 880 (9th Cir. 2009).

## VI. ARGUMENT

## I. THE DISTRICT COURT MISREAD THE FIRST AMENDED COMPLAINT AND THEREFORE ERRED IN DISMISSING FOR LACK OF ARTICLE III STANDING

49. A complaint states an access-to-courts claim where it plausibly alleges:

a. an identified underlying proceeding;

b. official conduct;

c. loss of the ability to pursue that proceeding.[25]

50. At the pleading stage, all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff.[26]

51. A complaint satisfies Article III where it alleges a concrete injury that is particularized and non-speculative.[27]

52. Plaintiff satisfies Article III standing because:

a. **Injury in fact**: the destruction of identified, non-recreatable evidence required to litigate Plaintiff's pending Nevada

---

[25] *Harbury*, 536 U.S. at 414–15.
[26] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).
[27] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Supreme Court appeal constitutes a concrete and actual litigation injury;

b. **Traceability**: the injury is directly traceable to Defendant's authorized system update process that caused the overwrite of that evidence;

c. **Redressability**: the injury is redressable through recognition of the access-to-courts violation and remand for appropriate relief addressing the loss of evidence and resulting litigation impairment, including the ability to seek relief addressing the evidentiary loss and its impact on the underlying proceeding.

53. The First Amended Complaint alleges:

a. a pending Nevada Supreme Court appeal (Docket No. 90846);

b. specific categories of election-system ESI required for that appeal;

c. a defined overwrite process authorized by Defendant;

d. a defined time window for destruction;

e. actual destruction of that evidence after notice.

54. If accepted as true, the pleading establishes:

a. an identified proceeding;

    b. identified evidence;

    c. identified destruction;

    d. identified litigation impairment.

55.   These allegations satisfy the access-to-courts standard.[28]

56.   The injury alleged is loss of evidence required to litigate one identified case.

57.   The injury is:

    a. concrete, because the evidence was destroyed;

    b. particularized, because it is tied to Plaintiff's case;

    c. actual, because destruction has already occurred.

58.   The district court did not apply the governing standard.

59.   The district court held that the pleading was "modified slightly" and based on the same theory.[29]

60.   That finding contradicts the record.

61.   The amended pleading:

    a. disclaimed § 20701 as a private right;

---

[28] *Harbury*, 536 U.S. at 414–15.
[29] ECF No. 36 at 4–5, 11–23.

11

b. asserted a § 1983 access-to-courts claim;

c. identified a specific underlying proceeding.30

62. Failure to evaluate the operative pleading constitutes legal error.

63. The Court must determine whether destruction of identified, non-recreatable evidence required to litigate a pending proceeding states a concrete injury.

64. If yes, dismissal must be reversed.

65. If no, the governing access-to-courts standard is not applicable.

66. Failure to apply the governing Article III standing standard to these allegations requires reversal as a matter of law.

## II. THE DISTRICT COURT ERRED BY TREATING DISMISSAL FOR LACK OF STANDING AS CATEGORICALLY ELIMINATING ITS COLLATERAL AUTHORITY

67. Federal courts retain authority to resolve collateral matters after dismissal, including where subject-matter jurisdiction is lacking.31

---

30 ECF No. 36 at 4–5, 11–23.
31 *Cooter & Gell*, 496 U.S. at 395; *Willy*, 503 U.S. at 138; *Chambers*, 501 U.S. at 44–46.

68. Collateral authority exists to:

    a. protect judicial process;

    b. prevent abuse;

    c. preserve the integrity of adjudication.[32]

69. Collateral authority is limited.

70. It does not permit adjudication of the merits.

71. It permits preservation of the conditions necessary for adjudication.

72. The record establishes:

    a. actual notice of a defined destruction window;

    b. pending preservation motions;

    c. no preservation protocol imposed;

    d. destruction completed during pendency.

73. The destroyed evidence is required to establish elements of Plaintiff's claims in Nevada Supreme Court Docket No. 90846, including verification of system integrity and reliability, and

---

[32] *Cooter & Gell*, 496 U.S. at 395; *Willy*, 503 U.S. at 138; *Chambers*, 501 U.S. at 44–46.

without it those elements cannot be proven, precluding adjudication on the merits.[33]

74. The relief sought:

a. preserves evidence;

b. does not determine liability;

c. does not resolve claims.

75. The relief is collateral.

76. Preservation of evidence required for adjudication of a separate, identified proceeding is a paradigmatic collateral function because it protects the integrity of adjudicative processes without resolving the merits of any claim.

77. The district court treated preservation as merits relief.

78. That is a misapplication of law.

79. The Court must determine whether a district court retains authority to preserve evidence after dismissal for lack of standing.

80. If yes, the district court applied an incorrect legal standard.

81. If no, controlling Supreme Court authority does not apply.

---

[33] First Amended Complaint, ECF No. 36 at 11–23.

82. Failure to apply controlling law constitutes reversible error.

---

## III. THE DENIAL OF RULE 59(e) RELIEF WAS AN ABUSE OF DISCRETION AND LEGAL ERROR

83. A Rule 59(e) motion must be granted where the court applies an incorrect legal standard or premise.[34]

84. The Rule 59(e) motion:

a. accepted dismissal;

b. disclaimed reconsideration of standing;

c. sought only collateral relief.[35]

85. The district court:

a. acknowledged that limitation;

b. recharacterized the motion;

c. denied relief on a merits-based premise.[36]

86. This creates a binary condition.

---

[34] *Marlyn*, 571 F.3d at 880.
[35] ECF No. 42 at 1, 5, 7.
[36] ECF No. 45 at 1–2.

87. Either:

    a. the motion sought collateral relief; or

    b. the court's characterization is incorrect.

88. Both cannot be true.

89. Denial based on an incorrect premise is legal error.[37]

90. The Court must determine whether the Rule 59(e) motion sought collateral or merits relief.

91. If collateral, denial was legal error.

92. If merits, the record contradicts the ruling.

93. Failure to apply Rule 59(e) correctly constitutes reversible error.

---

## VII. CONCLUSION

94. The Court must determine:

    a. whether the First Amended Complaint states an access-to-courts injury;

    b. whether collateral authority survives dismissal;

    c. whether Rule 59(e) was denied under the correct legal standard.

---

[37] *Marlyn*, 571 F.3d at 880.

95. If controlling law is applied:

   a. the pleading satisfies Article III;

   b. collateral authority exists;

   c. the Rule 59(e) denial is invalid.

96. The Court must determine whether controlling precedent permits dismissal under these facts as a matter of law.

97. If controlling law is applied, reversal is required.

98. If not, the Court must adopt a rule permitting destruction of evidence required to be preserved under federal election law without judicial remedy and eliminating collateral authority to prevent that destruction, thereby rendering federal statutory duties unenforceable within this Circuit.

99. Failure to apply controlling law constitutes reversible error.

100. This outcome would eliminate any judicial mechanism to preserve evidence required for federal claims once standing is contested, which is contrary to controlling Supreme Court authority.

101. The judgment must be reversed, vacated, and remanded.

17

**Respectfully submitted,**

s/ Andy Michael Thompson
**Andy Michael Thompson**
1157 Teal Point Drive
Henderson, NV 89074
weareheavenbound@yahoo.com
(702) 467-4374
*Plaintiff–Appellant, Pro Se*

---

## VIII. STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Plaintiff–Appellant is not aware

of any related cases presently pending in this Court.

---

## ADDENDUM OF PERTINENT PROVISIONS

**42 U.S.C. § 1983**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of rights secured by the Constitution and laws, shall be liable to the party injured.

**28 U.S.C. § 1331**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**28 U.S.C. § 1343(a)(3)**

The district courts shall have original jurisdiction of any civil action authorized by law to redress the deprivation, under color of State law, of any right, privilege, or immunity secured by the Constitution of the United States.

**52 U.S.C. § 20701 (context only)**

Every officer of election shall retain and preserve, for twenty-two months, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act

requisite to voting in an election at which candidates for federal office are voted for.

**Fed. R. Civ. P. 59(e)**

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

**Fed. R. App. P. 4(a)(4)(A)**

If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: (iv) to alter or amend the judgment under Rule 59;

20

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g) and Ninth Circuit Rule 32-1, I certify that this brief:

1. Complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,536 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Ninth Circuit Rule 32-1.

2. Complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated: April 17, 2026

s/ Andy Michael Thompson
**Andy Michael Thompson**
*Plaintiff–Appellant, Pro Se*

21

## CERTIFICATE OF SERVICE

I certify that on April 17, 2026, I electronically filed the foregoing

Opening Brief of Plaintiff–Appellant with the Clerk of the Court for the

United States Court of Appeals for the Ninth Circuit using the Court's

electronic filing system, which will send notice of such filing to

registered counsel, including:

**Gregory D. Ott**
Chief Deputy Attorney General

Office of the Nevada Attorney General
100 N. Carson Street
Carson City, NV 89701
gott@ag.nv.gov

Dated: April 17, 2026

/s/ Andy Michael Thompson
**Andy Michael Thompson**
*Plaintiff–Appellant, Pro Se*

22